ANTHONY J. FERATE, OF COUNSEL
(405) 753-5939
ajferate@spencerfane.com



March 17, 2023

**VIA E-MAIL**
Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

      Re:    Notice of Supplemental Authority under Fed. R. App. P. 28(j)
                *Hooper v. The City of Tulsa*
                Case No. 22-5034, U.S. Court of Appeals for the Tenth Circuit

Dear Mr. Wolpert:

Pursuant to Fed.R.App.P. 28(j), *Amicus* Oklahoma Association of Municipal Attorneys ("OAMA") advises the Court of a supplemental authority of persuasive nature, *Pickup, et al. v. District Court of Nowata County, Oklahoma, et. al,* 2023 WL 1394896 (N.D.Okla. Jan. 31, 2023). The ruling and analysis conducted by the Honorable James O. Browning in *Pickup*, especially as to Section 14 of the Curtis Act, are substantially similar to the issues now before this Court in *Hooper*. *See* Appellant's Brief in Chief, at *7-15, 18-20, 22-29; Response Brief on behalf of Appellee, at *8-24, 26-34; Brief of *Amicus Curiae* OAMA, at *2-5, 7-13; Appellant's Reply Brief, at *1-10, 20-23.

In *Pickup*, the plaintiffs asked the United States District Court for the Northern District of Oklahoma to find that, in light of the ruling in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), tribal members cannot be subjected to municipal laws, codes, or ordinances. Defendants asserted, *inter alia*, Section 14 of the Curtis Act provided municipalities with authority over all inhabitants, including tribal members.

In reaching its decision, the court conducted a thorough analysis of Section 14 of the Curtis Act and found that the Curtis Act barred the plaintiffs' claims against the municipal defendants. *Pickup,* at *69-70, 71-86. The court based its conclusion on (1) the plain language of the Curtis Act, (2) the Curtis Act's historical context, and (3) judicial decisions interpreting the Curtis Act. *Id.* at *71. The *Pickup* court noted:

> In the end, the issue boils down to a question whether Curtis Act § 14 remains good law. It is uncontested that Congress never has explicitly repealed Curtis Act § 14. Accordingly, the primary question presented is whether Congress implicitly repealed Curtis Act § 14 when it passed


SpencerFane

> the Oklahoma Enabling Act. The Court concludes (*sic*) that Congress has not implicitly repealed Curtis Act. § 14.

*Id.* at 83. The *Pickup* plaintiffs did not appeal the decision.

*Pickup* directly addresses the central issue in this case – the viability of § 14 of the Curtis Act – and should be considered by the Court.

Respectfully,

Anthony J. Ferate