# KANJI & KATZEN P.L.L.C.

www.kanjikatzen.com

**ANN ARBOR**
303 DETROIT ST., SUITE 400
ANN ARBOR, MI 48104
(734) 769-5400

**SEATTLE**
811 1ST AVE., SUITE 630
SEATTLE, WA 98104
(206) 344-8100

March 20, 2023

Christopher M. Wolpert, Clerk of Court
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

    Re: Justin Hooper v. City of Tulsa
        Docket No. 22-5034

To the Clerk of Court:

    Amici Curiae Tribal Nations submit this response to the Rule 28(j) notice filed by amicus Oklahoma Association of Municipal Attorneys ("OAMA"), regarding the decision in *Pickup v. District Court*, No. CIV 20-0346 JB/JFJ, 2023 WL 1394896 (N.D. Okla. Jan. 31, 2023).[1]

    The *Pickup* court understood the question presented by the current-day invocation of Section 14 of the Curtis Act to be whether that provision has been implicitly repealed. OAMA Letter at 1–2. But that misapprehends the issue. Section 14 provided for the incorporation of "cities and towns" in the Indian Territory pursuant to adopted federal law. It then defined the powers of any "such city or town," including that "all inhabitants of such cities and towns" would be subject to their ordinances.

    But these federal instrumentalities ceased to exist upon statehood. In Section 13 of the Oklahoma Enabling Act, Congress provided that the "laws in force in the Territory of Oklahoma … shall extend over and apply to [the] State." Consistent with this directive, Section 2 of the Schedule to the Oklahoma Constitution extended the Oklahoma Territory laws over the entire state, and Section 10 provided that "cities and towns … heretofore incorporated under the laws in force … in the Indian Territory, shall continue their corporate existence under the laws extended in force in the State." Accordingly, upon statehood "the form of government theretofore existing in the Indian Territory ceased to exist," *State ex rel. West v. Ledbetter*, 97 P. 834, 835 (Okla. 1908), and the federally-chartered municipalities were replaced by municipalities incorporated under Chapter XII, Article I, § 1 of the Revised Annotated Statutes of the Oklahoma Territory. *Id.* at 836. No municipalities remained that were subject to Section 14's provisions. It became a null set.

---

[1] Rule 28(j) limits supplemental notices to parties, but does not so limit responses. Appellant Hooper concurs in this letter.

Christopher M. Wolpert, Clerk of Court
March 20, 2023
Page 2

      In sum, this case has nothing to do with implied repeal. Section 14 became inoperative by its own terms, and the *Pickup* decision has no bearing on the proper disposition here.

                                           Sincerely,

                                           <u>/s/ Riyaz A. Kanji</u>
                                           Riyaz A. Kanji
                                           *Counsel for Muscogee (Creek) Nation*