CASE NO. 22-5034

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

JUSTIN HOOPER,
Plaintiff/Appellant,

VS.

THE CITY OF TULSA,
Defendant/Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
District Court Case No. 21-CV-165-WPJ-JFJ
The Honorable William P. Johnson, District Judge

_____

**<u>PLAINTIFF/APPELLANT'S SUPPLEMENTAL BRIEF ON STANDING</u>**
_____

John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com

May 1, 2023

Every aspect of Justin Hooper's life is subject to criminal and civil sanction by Tulsa even though the City has no lawful jurisdiction to enforce its laws and ordinances against him. He bears the constant burden of Tulsa's unlawfully asserted jurisdiction and must conform his conduct accordingly. The harm caused by this burden is confirmed by the ever-present risk that he will be subject to criminal proceedings against him in the future, just as he was in the past. Pursuant to the Court's Order, Mr. Hooper submits this brief explaining why he "has met his burden of proof at the pleading stage to demonstrate he has standing to bring his declaratory judgment claim," April 20, 2023 Order at 3.

## I.     The Legal Requirements for Standing

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies,'" which requires a plaintiff to "have a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quotation marks omitted). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* Where, as here, a plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, he must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation marks omitted). Plaintiffs seeking prospective declaratory relief must allege "a continuing injury." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). Mr. Hooper's Complaint satisfies these standards.

## II.  Mr. Hooper Faces a Legally Cognizable Harm.

Mr. Hooper must live every moment of every day under jurisdiction unlawfully asserted and exercised by Tulsa. He has already been cited for a traffic violation and is—at this moment and continuously in the future—subject to sanction again for this or any other criminal or civil infraction. That he is subject to enforcement of *any* Tulsa law or ordinance at *any* time constitutes a harm sufficient to establish his standing.

Tulsa's pleadings in the district court make clear the harm Mr. Hooper faces (harm that Mr. Hooper's Complaint alleges, as detailed in section III below). The City contended in its motion to dismiss that Indians within the Creek Reservation who live in Tulsa have "no legal basis" to deny that they live under Tulsa's jurisdiction. Pl./Appellant's App. ("App.") at 143. Tulsa's sweeping assertion of jurisdiction, then, applies to Mr. Hooper at all times, whether he has been cited for an offense or is simply going about his life. The burden of being constantly subject to this unlawful jurisdiction is a real and immediate injury.

2

The Supreme Court has explained that a "[c]entral" consideration in the standing analysis "is whether the asserted harm has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts[.]" *Transunion*, 141 S. Ct. at 2200 (quotation marks omitted). Mr. Hooper's asserted harm does so. Violation of a reservation Indian's right to be free of the unlawful assertion of jurisdiction by states or their political subdivisions is a long-recognized harm in American courts. Indeed, "[t]he policy of leaving Indians free from state jurisdiction and control is deeply rooted in this Nation's history." *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2476 (2020) (citation omitted). Consequently, "[s]tate laws generally are not applicable to tribal Indians on an Indian reservation except where Congress has expressly provided that State laws shall apply." *McClanahan v. State Tax Comm'n of Ariz.*, 411 U.S. 164, 170–71 (1973) (citation omitted).

### III. Mr. Hooper's Complaint Demonstrates His Standing.

In keeping with the principles outlined above, Mr. Hooper's Complaint alleges facts sufficient to establish standing. This section first outlines that the standard for establishing standing at the pleading stage "is not onerous," *Sanchez v. Crocs, Inc.*, 667 F. App'x 710, 717 n.9 (10th Cir. 2016) (quotation marks and citation omitted), and then details how the Complaint more than meets this standard.

### A.    Mr. Hooper's Complaint Must Be Construed Liberally.

Federal Rule of Civil Procedure 8(e) instructs that "[p]leadings must be construed so as to do justice." *See also, e.g.*, *Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, 12 F.4th 1212, 1229 (10th Cir. 2021) (same). This Circuit has recognized the obligation to "[g]iv[e] full recognition to the liberality with which we must construe pleadings under the Federal Rules of Civil Procedure[.]" *Gilbert v. Med. Econ. Co.*, 665 F.2d 305, 310 (10th Cir. 1981) (finding it "possible to construe the complaint as alleging [a particular] cause of action even though it is not patently clear").

The rule that pleadings must be construed liberally is particularly applicable with respect to standing. "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Bennett v. Spear*, 520 U.S. 154, 168 (1997) (second brackets in original) (quotation marks omitted). When analyzing standing, a court "must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). This Court has noted that at the pleading stage, "the burden imposed on plaintiffs to establish standing is not onerous," *Sanchez*, 667 F. App'x at 717 n.9 (quotation marks and citation omitted), and that a plaintiff has "no obligation to prove standing conclusively," *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793

4

F.3d 1177, 1194 (10th Cir. 2015) (citation omitted). "All that needs to be shown is a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement[.]" *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001). This showing can be made even where a "complaint is somewhat vague about its purported injury[.]" *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1330 (10th Cir. 2022).

> B.   **The Allegations in Mr. Hooper's Complaint Amply Demonstrate His Standing.**

Mr. Hooper's Complaint sufficiently identifies the particularized harm to which he is subject by virtue of Tulsa's actions. It alleges that Mr. Hooper is an Indian residing within the boundaries of the Creek Reservation, *see* App. at 102 ¶ 1; that Tulsa contends it presently "has jurisdiction [over him] pursuant to the Curtis Act," *id.* ¶ 6; that Tulsa unlawfully exercised that jurisdiction against him in the past, *id.* ¶¶ 3–6; that such jurisdiction is contrary to federal law, *id.* at 104 ¶ 18; and that Tulsa accordingly lacks the jurisdiction it presently asserts, *id.* ¶ 19. The Complaint accordingly seeks a declaration "that the Curtis Act is inapplicable to present times and confers no jurisdiction" on Tulsa over Mr. Hooper, *id.* at 105 ¶ 26, which will "set to rest the question" of Tulsa's disputed jurisdiction over him, *id.* ¶ 22.

These allegations make amply clear the harm for which Mr. Hooper seeks redress through this lawsuit: namely, that he is presently subject to and living under

5

the unlawfully asserted jurisdiction of the City of Tulsa, jurisdiction to which he must daily conform his conduct or face criminal and/or civil consequences.  These allegations of injury are underscored by the fact of Tulsa's unlawful criminal proceedings against him in the past and the concomitant real threat of a recurrence of unlawful prosecution at any time.

Tulsa's briefing below confirms its view that Indians "located within the boundaries of *McGirt*'s Muscogee Creek reservation 'Indian Country' have *no legal basis to support claims of lack of jurisdiction* against Curtis Act-created municipalities."  App. at 143 (emphasis added).  In Tulsa's own words, then, it is *presently* asserting jurisdiction over Mr. Hooper, who has "no legal basis" to avoid such jurisdiction, either today or going forward.  And Tulsa has never disavowed any intention to enforce its laws against Mr. Hooper, whether now or in the future.  To the contrary, as this litigation makes clear, its intentions are to continue to assert that jurisdiction.  The harm that Mr. Hooper has alleged in his Complaint, in other words, is a real and ongoing one that has been squarely joined in this litigation.

In *Babbitt v. United Farm Workers National Union*, 442 U.S. 289 (1979), the Court addressed a challenge to a labor statute that made untruthful consumer publicity criminally punishable.  The Court upheld the challengers' standing despite the fact that they did "not plan to propagate untruths," because "erroneous statement is inevitable in free debate."  *Id.* at 301 (quotation marks omitted).  A

plaintiff "need not first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute," particularly where "the State has not disavowed any intention of invoking the criminal penalty" against the challenger. *Id.* at 302 (brackets in original) (citation omitted). Under such circumstances, parties are "sufficiently adverse … to present a case or controversy[.]" *Id*.

Like the appellees in *Babbitt*, Mr. Hooper "do[es] not plan" to break any Tulsa laws. But just as erroneous statements that may violate a consumer publicity statute are "inevitable," so, too, are inadvertent violations of traffic or other municipal ordinances. And Tulsa "has not disavowed any intention" of exercising its jurisdiction over Mr. Hooper for those violations. To the contrary, it has unequivocally proclaimed such jurisdiction and asserted that Mr. Hooper has "no legal basis" to resist it. In this sense, the injury presently pervades essentially every aspect of his life as a resident of Tulsa. *See Transunion*, 141 S. Ct. at 2200 ("intangible harms" can satisfy the concrete injury requirement).

\* \* \*

Under the above circumstances, Mr. Hooper has adequately alleged (1) "an injury in fact" that is (2) "caused by the defendant" and (3) would "be redressed by [the] judicial relief" he has requested because Tulsa's present assertion of jurisdiction over him would end and any future exercise of it would be foreclosed. *See Transunion*, 141 S. Ct. at 2203.

## IV. Pragmatic Considerations Weigh in Favor of Standing.

In *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), an Article III standing case, the Supreme Court found that "pragmatic considerations argue[d] strongly for the standing." *Id*. at 64 n.6. There, where most individuals subjected to the alleged injury would not suffer enough economic harm to justify suing, the Court concluded that the litigant before it should be permitted to sue because otherwise the injury "may too often go unremedied." *Id*. Here, where an array of municipal sanctions against Indians—exemplified by Mr. Hooper's $150 traffic citation—may not be of sufficient immediate economic impact to justify suit, such unlawful sanctions likewise may too often go unremedied. And there is no doubt that Tulsa is prosecuting many Indians within its borders. *See* Aff. of Muscogee Creek Nation Attorney General Geri Wisner ¶¶ 15–17 (describing hundreds of referrals to the Creek Nation for Indian traffic offenses from municipalities within its Reservation in recent years, while Tulsa, the largest of those municipalities, makes no such referrals).[1]

The question of Tulsa's jurisdiction under the Curtis Act has been fully briefed and argued to this Court by the parties and highly interested amici. Article III standing requirements do not require this Court to wait for a subsequent

---

[1] https://www.muscogeenation.com/wp-content/uploads/2022/07/Affidavit-of-Attorney-General-Geri-Wisner.pdf.

8

incarnation of this dispute; to duplicate the expenditure of time and other resources that the court, the parties, and amici have already invested in its resolution; or to prolong the existing jurisdictional uncertainty and confusion that prevails while this issue remains unresolved.

In sum, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

## CONCLUSION

For the foregoing reasons, Mr. Hooper respectfully requests this Court to conclude that he has met his burden to demonstrate that he has standing to bring his declaratory judgment claim.

Respectfully submitted this 1st day of May, 2023.

/s/ John M. Dunn
John M. Dunn, OBA No. 20975
The Law Offices of John M. Dunn, PLLC
616 South Main Street, Suite 206
Tulsa, OK  74119
Telephone: (918) 526-8000
Facsimile: (918) 359-5050
Email: jmdunn@johndunnlaw.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following EFC registrants:

David E. O'Meilia
ECF Registrants from the City of Tulsa

                                        /s/ John M. Dunn

## CERTIFICATE OF DIGITAL SUBMISSION

I certify that all required privacy redactions have been made, and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the clerk.

I also certify that the digital submission has been scanned for viruses with the most recent version of a commercial scanning program, PC Matic Supershield. I further certify that according to the commercial virus scanning program, this digital submission is free of viruses.

                        /s/ John M. Dunn
                        John M. Dunn, OBA No. 20975
                        The Law Offices of John M. Dunn, PLLC
                        616 South Main Street, Suite 206
                        Tulsa, OK  74119
                        Telephone: (918) 526-8000
                        Facsimile: (918) 359-5050
                        Email: jmdunn@johndunnlaw.com
                        ATTORNEY FOR APPELLANT